## OF

# THE COURT OF APPEALS

## OF KENTUCKY.

### WINTER TERM, 1860.

CASE 1—INDICTMENT—DECEMBER 5.

## Commonwealth vs. Dudley.

APPEAL FROM MASON CIRCUIT COURT.

The statutes which enumerate and define the several classes of persons who shall be deemed peddlers, also, by necessary implication, specify the various acts which constitute the offense of peddling, the commission of any one of which subjects the offender to the penalties of peddling without license. An indictment for such offense must specify the particular act or acts intended to be relied on.

An indictment charging, in substance, that the defendant did "peddle and sell" in the county of M., buggies, pleasure carriages, &c., not having a license to peddle the same, and said articles not being the product or manufacture of the State of Kentucky, is insufficient.

A. J. JAMES, Attorney General, for Commonwealth, cited *act of* 1856, *Stanton's Rev. Stat., page* 276.

JUDGE DUVALL DELIVERED THE OPINION OF THE COURT:

The indictment in this case charges, in substance, that the defendant did "peddle and sell," in the county of Mason, buggies, pleasure carriages, &c., not having a license to peddle the same, and said articles not being the product or manufacture of the State of Kentucky.

From the judgment of the circuit court, declaring the indictment insufficient, the Commonwealth has appealed.

Does the indictment contain such a statement of the acts constituting the offense charged, as to enable the defendant to know with reasonable certainty what was intended, and to prepare for his defense? If not, the judgment must be sustained.

There are two provisions of the statute which enumerate and define the several classes of persons who shall be deemed peddlers.

The first of these is found in the Revised Statutes, (*sec.* 13, *of art.* 2, *chap.* 83, *page* 243, 2 *vol.,*) which provides that "persons retailing goods, wares, and merchandise, not the product or manufacture of this State, or offering to sell the same, other than a resident merchant who has listed his goods for taxation, shall be deemed peddlers."

By a subsequent act, entitled, "an act to amend the several acts in relation to peddlers," (2 *Stanton's R. S., page* 276,) it is declared, in substance, that all *itinerant* persons vending goods, wares, and merchandise, clocks, jewelry, drugs, &c., or any other thing, or offering to vend goods or other thing, by sample, which is not the product or manufacture of this State ; or persons, who shall, under color of *bona fide* merchants, take up a temporary residence in any one of the towns and cities of this Commonwealth, for the purpose of disposing of their goods, &c., either at auction, or retail at cost, shall be deemed peddlers.

These statutes not only declare who shall be deemed peddlers, but they also, by necessary implication, specify the various acts which constitute the offense of peddling, the punishment for which is fixed in other provisions. It is obvious that this offense may be committed in various ways, and by various distinct acts—such as the retailing of goods, &c., not the product or manufacture of this State, or the offer to sell the same, by any person not a resident merchant who has listed his goods for taxation ; or the vending of goods, wares, &c., by itinerant persons, or the vending or offer to vend such goods, not the product of this State, by sample, or the taking up of a temporary residence, in a town or city for the purpose of disposing of goods, &c., at auction, or retail at cost.

The commission of any one of these various acts subjects the offender to the penalties against peddling without license. And in an indictment for such offense, can it be deemed unreasonable strictness to require that it should specify the particular act or acts intended to be relied upon?

In the case of the *Commonwealth vs, Harvey*, (16 *B. Mon.*, *p.* 2,) it was held sufficient to aver, in general terms, that the defendant kept a tippling house. But the reason on which that decision rests is that the offense could be committed under the statute *only* by a person selling liquor without license, and permitting it to be drank in his house. This act, and this alone, constituted the offense, and it was therefore held sufficient to charge, in general terms, that the defendant kept a tippling house.

Of course, then, that case has no application to the one before us.

The judgment is affirmed.