## W. R. VINNAN *v.* COMMONWEALTH.

**Criminal Law—Indictment.**

> In a charge of selling spirituous liquors under Sec. 5, Art. 3, Chap. 92, Gen. Stat., without a license, it is not necessary to set forth the fact showing the accused was a merchant within the meaning of the statute, nor that the sale was made in the line of his business as a merchant.

### APPEAL FROM OWEN CIRCUIT COURT.

September 7, 1878.

OPINION BY JUDGE HINES:

The indictment in this case is under Sec. 5, Art. 3, Chap. 92, of Gen. Stat., and charges that the appellant, being a merchant without license, sold spirituous liquors. It is contended that the indictment is insufficient because it does not set forth the fact which

shows that the appellant was a merchant within the meaning of the statute, nor that he did the selling in the line of his business as merchant. We are of the opinion that this was not necessary. The word "merchant" in the statute is used in the ordinary sense and, as defined in Sec. 2, Art. 2, Chap. 106, Gen. Stat., to mean one whose business is that of retailing merchandise. To constitute the offense it is necessary only that the party should be a merchant in this sense, and sell liquor in any quantity without first having obtained license. We do not feel justified in interpolating in the statute the words "in the ordinary course of his business as merchant." Nor does it follow that with that construction it would be necessary to so allege in the indictment. This is unlike the offense of peddling without license. In that case the statutes not only define who shall be deemed peddlers, but they specify the various ways and acts in and by which the offense may be committed. The case cited by appellant's counsel, of *Commonwealth v. Dudley*, 3 Met. 221, arising under the above mentioned statutes, has no application here.

We perceive no error in the exclusion of the evidence of J. M. Smith. The fact that appellant had been for years engaged in the manufacture of whisky and that the liquor sold was of his making is entirely immaterial. He is as much amenable to the statute, under the circumstances mentioned in the indictment, for selling liquor of his own manufacture as he would be for selling that manufactured by anyone else.

Judgment *affirmed*.

*H. P. Montgomery, P. M. Major, for appellant.*

*Moss, for appellee.*